

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
FEB 2 2 2008  NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SCHILLER DUCANTO AND FLECK, LLP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 518 |
| ) | |
| SHARON S. HOBERMAN and ) | |
| GERALD LITWIN, ) | |
| ) | |
| Defendants. ) | |

FEB 2 2 2008

## MOTION TO REMAND

NOW COMES the Plaintiff, Schiller DuCanto and Fleck LLP (hereinafter "SDF"), and hereby moves this Honorable Court to remand this case to the Circuit Court of Cook County, Domestic Relations Division on the basis that no federal subject matter jurisdiction exists in this case. In support thereof SDF states as follows:

1. SDF filed a Petition for Setting of Final Fees and Costs against the Defendant, Sharon Hoberman (hereinafter "Hoberman"), on or about December 4, 2007. Thereafter, on December 19, 2007 Gerald Litwin (hereinafter "Litwin") was joined as a necessary third party defendant.

2. SDF's Petition for Setting of Final Fees and Costs was filed in the Circuit Court of Cook County, Domestic Relations Division, as an ancillary pleading in *In re Marriage of Ethan Hoberman and Sharon Hoberman*, case number 05 D 12924, bearing the same caption and case number.

3. SDF acted as Hoberman's attorneys in the underlying dissolution of marriage matter. Litwin, Hoberman's father, signed the Engagement Agreement as Guarantor of payment of fees and costs incurred by Hoberman.

4. All fees and costs sought by SDF in their pleading were incurred solely and exclusively for work performed in connection with Hoberman's dissolution of marriage action.

5. On January 24, 2008 Litwin filed a Notice of Removal and removed this action to Federal Court asserting that this Court has jurisdiction pursuant to 28 U.S.C. Sec 1441(b). *See* Notice of Removal at ¶ 7.

6. This Court does not have subject matter jurisdiction over this matter because the diversity jurisdiction alleged by Litwin to exist herein is subject to the Domestic Relations Exception recognized by the U.S. Supreme Court in *Ankerbrandt v. Richards*, 504 U.S. 689 (1992).

7. The Domestic Relations Exception to diversity jurisdiction divests federal courts of subject matter jurisdiction to hear domestic relations actions, which include both core domestic relations issues (such as dissolution of marriage, child custody and support), and ancillary proceedings that the state requires be litigated as a tail to the original domestic relations proceeding. *Frieldlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

8. SDF's Petition for Setting of Final Attorneys Fees and Costs is an ancillary pleading brought pursuant to Section 508 of the Illinois Marriage of Dissolution of Marriage Act (750 ILCS 5/508) which the State of Illinois requires be litigated as a tail to the original dissolution of marriage proceeding, specifically *In re Marriage of Ethan Hoberman and Sharon Hoberman*.

9. The Domestic Relations Exception therefore divests this Court of diversity jurisdiction in this case. As a result, this matter should be remanded to the Circuit Court of Cook County, Domestic Relations Division.

WHEREFORE and as more fully set forth in the accompanying Memorandum of Law, the Plaintiff, Schiller, DuCanto and Fleck, LLP, respectfully requests this Honorable Court grant the instant motion and remand this case to the Circuit Court of Cook County, Domestic Relations Division, under case number 05 D 12924.

Respectfully Submitted,

SCHILLER, DU CANTO AND FLECK

BY _____
JAY P. DAHLIN

Burton S. Hochberg
Jay P. Dahlin
SCHILLER DU CANTO AND FLECK LLP
200 North LaSalle Street, 30th Floor
Chicago, Illinois 60601-1089
Telephone No. (312) 641-5560
Facsimile Telephone No. (312) 641-6361
bhochberg@sdflaw.com
jdahlin@sdflaw.com