**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SCHILLER DUCANTO AND FLECK, LLP, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 08 C 518 ) |
| SHARON LITWIN AND GERALD, LITWIN, | ) ) ) |
| Defendants. . | ) ) |

## GERALD LITWIN'S RESPONSE IN OPPOSITION TO MOTION TO REMAND

NOW COMES Gerald Litwin by and through his attorneys and for his response in opposition to the motion to remand filed by Schiller Ducanto and Fleck, LLP, states as follows.

1. Gerald Litwin, ("Litwin") a citizen of New Jersey, filed a petition to remove on January 23, 2008. Schiller Ducanto and Fleck, LLP, (Schiller) filed a motion to remand. The motion to remand should be denied for the reasons stated below.

2. Schiller argues that this case should be remanded based on the domestic relations exception to diversity jurisdiction. The domestic relations exception to diversity jurisdiction originated from the decision in Barber v Barber, 16 L.Ed. 226 (1859). In 1992, the United States Supreme Court found in Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 that the domestic relations exception as articulated in Barber was the law of the land and the Supreme Court provided a lengthy analysis of the domestic relations exception. The Ankenbrandt court found that despite the fact Congress had not enacted legislation to codify the domestic relations exception that "[g]iven the long passage of time without any expression of congressional dissatisfaction, we have no trouble reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders." Id. at 703.

3. The Ankenbrandt court also identified certain policy considerations that supported the existence of the domestic relations exception to diversity jurisdiction. These policy considerations include the fact that domestic relations cases frequently involve retention of jurisdiction by the trial court and require social workers to monitor compliance with orders and judgments. Id. at 703-04. Furthermore, the Ankenbrandt court stated that judicial economy was a factor to be considered and that the state courts have a special proficiency to deal with such cases based on the long history of state courts dealing with such issues. Id. The above authority establishes the existence of a domestic relations exception to diversity jurisdiction.

4. Schiller argues that the claim it filed against Litwin, a non-client, for breach of contract falls within the domestic relations exception to diversity jurisdiction. Schiller argues that the domestic relations exception should be construed so broadly that it should include a claim made by an attorney who represented a party in a divorce proceeding for breach of contract against a non-party to the divorce proceeding. Schiller argues that the domestic relations exception applies to "suits for divorce or allowance of alimony" and "include[s] ancillary matters stemming from divorce but litigated before the same court." In support of this argument, Schiller states that "Litwin ignores that a pleading for attorneys' fees and costs arising solely and exclusively from the dissolution of marriage matter is supported by Lloyd v. Loeffler, 694 F.2d 489 (7th Cir 1987)." Schiller's argument has no merit for several reasons.

5. First, Schiller's understanding of the scope of the domestic relations exception to diversity jurisdiction is incorrect. To understand that Schiller's view of the scope of the domestic relations exception is much too broad it is instructive to review the decision in Ankenbrandt in more depth. In Ankenbrandt, the Supreme Court was asked to decide whether the domestic relations exception to diversity jurisdiction existed and if it did whether it applied to

that case.  As established above, the Ankenbrandt court found that the domestic relations exception existed and then proceeded to define it.  The Ankenbrandt court spent considerable time tracing the history of the domestic relations exception.  The Ankenbrandt court found that in the more than 100 years since the Barber decision the lower federal courts have applied the exception to a variety of circumstances many of which the Supreme Court found go "well beyond the circumscribed situations posed by Barber and its progeny."   The Ankenbrandt court made it clear that the Barber court did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree.  Id. at 701-02.  The Ankenbrandt court then explained that the United States Supreme Court expanded the domestic relations exception to also include decrees in child custody cases in In re Burrus, 136 U.S 585, 10 S.Ct. 850, 34 L.Ed. 500(1890).  The Ankenbrandt court then concluded by stating that "by concluding, as we do, that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony or child custody decree."  Id. at 704.  The Ankenbrandt court also stated in a footnote that "the better reasoned views among the Courts of Appeals have similarly stated the domestic relations exception as narrowly confined to suits for divorce, alimony or child custody decrees."  Id. at 703.  The above discussion and findings in Ankenbrandt make it clear that Supreme Court found that the domestic relations exception should be narrowly construed to include only cases involving the issuance of a divorce, alimony or child custody decree or the modification of such decrees.

   6.  That the conclusion that the Supreme Court decision in Ankenbrandt limited the application of the domestic relations exception to cases which involve the issuance or modification of a divorce, alimony or child custody decree is supported by Dunn v Cometa 238

F.3d 38 (1st Cir. 2001).  In <u>Dunn</u> at page 41, the First Circuit stated that "<u>Ankenbrandt</u> made clear that the exception is narrowly limited.  In general, lawsuits affecting domestic relations, however substantially are not within the exception unless the claim at issue is one to obtain, alter or end a divorce, alimony or child custody decree."

    7.  It should be noted in <u>Friedlander v. Friedlander</u>, 149 F.3d 739, 740-41 (7th Cir 1998) the Seventh Circuit Court of Appeals stated in dictum that it believed that the section of the decision in <u>Ankenbrandt</u> that narrowly defined the domestic relations exception was merely dictum.  With all due respect, the statement by the Court of Appeals that the section of <u>Ankenbrandt</u> addressing the narrow scope of the application of the domestic relations exception was merely dictum is incorrect.  The issue in <u>Ankenbrandt</u> was whether the domestic relations exception applied.  The Supreme Court discussed the history of the exception and then found such an exception existed and then discussed the parameters of the exception.  These were findings by the Supreme Court not merely dictum.  Furthermore, it is clear that the Supreme Court was aware of the expanding scope of the domestic relations exception and clearly and unequivocally decided to constrict the application of the domestic relations exception.  It is important to note that in <u>Friedlander</u>, the Seventh Circuit however, did not expand the application of the domestic relations exception beyond the parameters set forth by the Supreme Court in <u>Ankenbrandt</u>.

    8.  It is undisputed the instant case does not involve the issuance of a divorce, alimony or child custody decree or modification of such decrees.  Therefore, the domestic relations exception to diversity jurisdiction does not apply.  Accordingly, Schiller's motion to remand should be denied

9.     Schiller argues that this Court should apply a more expansive view of the scope of the application of the domestic relations exception based on Lloyd v. Loeffler, 694 F.2d 489 (7th Cir 1987). In fact, Schiller claims that Litwin ignores the finding in this case. Litwin does not ignore this case. Litwin does not believe this case is relevant to the instant case because it no longer accurately states the law pertaining to the application of the domestic relations exception to diversity jurisdiction. Lloyd was decided before Ankenbrandt and thus to the extent the decision applies a broader application of the domestic relations exception than Ankenbrandt it has been overruled. It should be noted that the Supreme Court in Ankenbrandt criticized cases similar to Lloyd when it stated that cases had interpreted the domestic relations exception too broadly and when it stated that the cases which narrowly confined the exception were "better reasoned." Furthermore, the language quoted by Schiller in Lloyd was merely dictum and not applicable to this case. For all the above reasons, the domestic relations exception does not apply to the instant case.

10.    Second, even if this court finds that the domestic relations exception should be construed more broadly than discussed in Ankenbrandt and does contain a penumbra, the penumbra is not broad enough to apply to the instant case. The penumbra consists of "ancillary proceedings" such as the collection of unpaid alimony by one party to the divorce proceeding against another party. In other words, if the penumbra exists it is to be very narrowly construed to issues very closely related to the granting or modification of a decree for divorce, alimony and child custody. The limited application of the domestic relations exception would not apply to the instant case because the instant case has nothing whatsoever to do with the granting or modification of a decree pertaining to a divorce, alimony or child custody decree.

11. Third, even if the penumbra of the domestic relations exception could be interpreted to apply to more types of cases, the instant case would not fall within the penumbra. Schiller argues that the proceeding it initiated against Litwin falls within the definition of an "ancillary proceeding" because the Illinois Marriage and Dissolution Act (Act) provides it with the authority to initiate an action against Litwin in the Cook County divorce court. Schiller argues that 750 **ILCS** 5/508 (c) provides the authority and basis for it to initiate a proceeding against Litwin in the Cook County divorce court. This argument has no merit. Section 5/508( c) states that "[f]inal hearings for attorney's fees and costs against an attorney's own client, pursuant to a Petition for Setting Final Fees and Costs of either a counsel or client shall be governed by the following:" Nowhere in section 5/508 does it state that an attorney for a client can bring a claim against a third party pursuant to this statute. The statute clearly and unequivocally states that the section can only be used against an "attorney's own client." Accordingly, the premise of Schiller's argument has no merit thus rendering Schiller's entire argument without merit.

12. Moreover, none of the policy considerations which the Supreme Court identified in <u>Ankenbrandt</u> favor application of the domestic relations exception to this case. After a final judgment is rendered in this case, there will be no need for the retention of jurisdiction by this court. After a final judgment is rendered in this case, there will be no need for this court or anyone else to monitor compliance. Judicial economy will not be served because there is no case pending in the divorce court. Finally, the divorce court does not have any special proficiency regarding the matters at issue in the instant case. Actually, the divorce court would be at a distinct disadvantage because it rarely if ever addresses the kind of issues involved in this case. In the instant case, the issues will involve guaranties, contract issues and issues involved in

potential counterclaims filed by Litwin. Finally, the policy considerations of diversity jurisdiction should be considered and strongly favor this court retaining jurisdiction of this case. Diversity jurisdiction is a form of protection for out of state defendants to protect against local prejudice. In the instant case, it would be extremely unfair to force a longtime New Jersey resident to litigate a case on the home field of Schiller a divorce boutique whose practice almost exclusively involves litigation of matters in the Cook County divorce court. The situation in the instant case is the exact scenario that diversity jurisdiction was enacted to protect against. For all the above reasons, this court should deny the motion to remand.

**WHEREFORE,** Gerald Litwin prays that this Court deny the motion to remand and for further relief that is just and equitable in the circumstances.

    Respectfully submitted,

    GERALD LITWIN

    s/ Joseph T. Gentleman

    One of the attorneys of Gerald Litwin

Donald L. Johnson (ARDC NO.1342460)
Joseph T. Gentleman (ARDC NO. 6244501)
Julie A. Boynton (ARDC NO. 6224529)
33 North Dearborn Street
Suite 1401
Chicago, Illinois 60602
(312) 263-7000