MAR 27 2008

**FILED**

MAR 27 2008  NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHILLER DUCANTO AND FLECK LLP,  Plaintiff, | ) ) ) ) ) ) |
| and | ) No. 08 C 518 |
| SHARON HOBERMAN AND GERALD LITWIN, | ) Honorable James F. Holderman ) ) ) |
| Defendants. | ) |

## NOTICE OF FILING

TO:  Joseph T. Gentleman, Esq.          Robert A. Vort, Esq.
     33 North Dearborn Street            2 University Plaza
     Suite 1401                          Hackensack, NJ 07601
     Chicago, Illinois 60602

PLEASE TAKE NOTICE that on the 27th day of March, 2008, the undersigned filed by hand delivery with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **SCHILLER DUCANTO AND FLECK LLP'S COMBINED REPLY IN SUPPORT OF MOTION TO REMAND**, a copy of which is herewith served upon you.

Schiller DuCanto and Fleck LLP

By _____
One of its Attorneys

BURTON S. HOCHBERG (ARDC No. 01229925)
JAY P. DAHLIN (ARDC No. 6274770)
SCHILLER DU CANTO AND FLECK LLP
Attorney No. 26828
Attorneys for Plaintiff
200 North LaSalle Street, 30th Floor
Chicago, Illinois 60601-1089
Telephone No. (312) 641-5560
Facsimile Telephone No. (312) 641-6361
Service by Facsimile Transmission Will Be Accepted

315423_1.DOC

## PROOF OF SERVICE-CHICAGO

The undersigned states that on February 21, 2008, I served this Notice of Filing, together with the documents referred to therein, as follows: ☐ by personal delivery to each person to whom it is directed; and/or ☒ by depositing the same in the U.S. Mail at 200 North LaSalle Street, Chicago, Illinois, before 5:00 p.m. with proper postage prepaid; and/or ☐ by faxing _____ pages, including cover page, via facsimile machine at _____.m. from the law offices of Schiller DuCanto and Fleck LLP, 200 North LaSalle Street, 30th Floor, Chicago, Illinois, to Fax No: _____ at the offices of _____. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in this instrument are true and correct.

_____
Kristin Holste

315423_1.DOC



MAR 27 2008

IN THE UNITED STATES DISTRICT COURT F I L E D
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MAR 27 2008  NF,

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| SCHILLER DUCANTO AND FLECK, LLP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | Case No. 08 C 518 |
| | ) | |
| SHARON S. HOBERMAN and | ) | |
| GERALD LITWIN, | ) | |
| | ) | |
| Defendants. | ) | |

### SCHILLER DUCANTO AND FLECK LLP'S
### COMBINED REPLY IN SUPPORT OF MOTION TO REMAND

Defendants Sharon Hoberman and Gerald Litwin (hereinafter "the Defendants") ignore controlling Seventh Circuit case law acknowledging the inclusion of ancillary matters in the Domestic Relations Exception, as well as Illinois statutory authority designating Schiller DuCanto and Fleck's (hereinafter "SDF") Petition for Final Setting of Fees as an ancillary matter to the underlying divorce. In light of those facts, this matter should be remanded to the Domestic Relations Division of the Cook County Circuit Court.

I.   **The Domestic Relations Exception Includes Ancillary Matters to a Divorce.**

The Defendants argue that the Domestic Relations Exception is exclusively defined by language in *Ankerbrandt v. Richards*, 504 U.S. 689 (1992), stating federal courts are divested of "power to issue divorce, alimony and child custody decrees." *Id.* at 703. The Defendants argue this to be the fullest extent of the Exception. Hoberman even goes so far as to suggest that "no Seventh Circuit decision prior or subsequent to in *Ankerbrandt* provides wider parameters to the matrimonial exception." Such is an inaccurate statement of the case law.

The *Ankerbrandt* decision does contemplate application of the Domestic Relations Exception outside the strict parameters of issuing divorce, alimony and child custody decrees.

315214_1.DOC

*Ankerbrandt* acknowledges that judicial economy and judicial expertise on the part of the Divorce Court merit application of the Domestic Relations Exception to "issues that arise out of conflicts over divorce, alimony and child custody decrees." *Id.* at 703-704 citing *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982).

The concept that the Domestic Relations Exception includes ancillary matters to a divorce is identified in *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982), which is in fact cited by the *Ankerbrandt* court as a basis for its rational that the Exception is intended to address, not just the issuance of decrees, but issues that arise out of conflicts over divorce, alimony and child custody decrees. *Id.* at 492. The *Lloyd* decision was not overruled by the *Ankerbrandt* decision, as argued by the Defendants, but is actually a cited precedent for the *Ankerbrandt* decision.

Six years after *Ankerbrandt*, the Seventh Circuit in *Friedlander v. Friedlander*, 149 F.3d 739 (7th Cir. 1998), more specifically addressed the inclusion of ancillary matters to a divorce in the Exception. The Seventh Circuit held "the domestic relations exception has a core and a penumbra. . . . The penumbra of the exception consists of ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceedings." *Id.* at 740.

The *Friedlander* decision acknowledges *Ankerbrandt* but clarifies that "the issue of the outer bounds of the exception, and hence what we are calling the penumbra, was not remotely before the Court [in *Ankerbrandt*]; for the case . . . lay far outside any plausible conception of the penumbra." *Id.* at 740. Thus the rationale detailed in *Friedlander* including ancillary matters into the Exception is more specifically applicable to the matter at hand than *Ankerbrandt*.

Thus the current and controlling Seventh Circuit law acknowledges and accepts ancillary divorce matters as part and parcel of the Domestic Relations Exception.

II. **SDF's Petition for Setting of Final Attorneys Fees and Costs is an Ancillary Proceeding to *In re the Marriage of Hoberman.***

SDF's Petition for Setting of Final Attorneys Fees and Costs is an ancillary proceeding to *In re the Marriage of Hoberman*, which is required by Section 508 the Illinois Marriage of Dissolution of Marriage Act ("IMDMA") to be litigated as a tail to the original domestic relations proceeding. 750 ILCS 5/508. The Defendants' Responses ignore this statutory requirement.

    A. **SDF's Petition for Attorneys Fees is Part and Parcel of the Divorce.**

The Defendants attempt to draw parallels between the pending matter and cases where the Exception was not applied to affect a remand to state court. But in each case cited by the Defendants, the alleged "ancillary" matter was a tort action separate and distinct from the dissolution of marriage action. *Ankenbradt* involved a tort claim of physical and sexual abuse. *Id.* at 691. *Lloyd* involved tort suit for interference with custody. *Id.* at 490. *Friedlander* involved a tort claim for intentional infliction of emotional distress. *Id.* at 739. *Loubser v. Thacker*, 440 F.3d 439, 440 (7th Cir. 2006) involved a civil rights action. These were all separate civil actions filed as new cases, with new case numbers, in different courts and before different judges than the original divorce trial judge. Thus they were not ancillary to the actual divorce.

By contrast, the matter at hand was filed as part and parcel of the underlying divorce, and was brought pursuant to Section 508 of the IMDMA. It is to be tried before the same trial judge that heard the divorce, in the same courtroom, with the same case caption and same case number (just as any petition to collect alimony, enforce child support, change custody, or modify the divorce decree would be). All arguments made and evidence entered in the underlying trial are taken into consideration by the trial judge who assesses the reasonableness and necessity of the fees incurred by the attorneys (here SDF) against their former client (here Hoberman) and any

necessary third party (here Litwin).  See 750 ILCS 5/508(c)(3) (for parameters of the trial court's hearing on Final Fees and Costs).

### B. The Divorce Court Possesses Special Proficiency to Deal With the Attorneys' Fees Issue.

Although denied by the Defendants, the Domestic Relations court does in fact possess "special proficiency to deal with such cases based upon the long history of state courts dealing with such issues". *Ankerbrandt* at 703-704. The standard of review applicable in a Petition for Setting of Final Fees is reasonableness and necessity. Specifically, Section 508(c)(3) mandates:

> ". . . Before ordering enforcement [of the written Engagement Agreement] the court shall consider the performance pursuant to the contract. Any amount awarded by the court must be found to be fair compensation for the services, pursuant to the contract, that the court finds were reasonable and necessary."

The Domestic Relations Division of the Circuit Court of Cook County, specifically Judge Michelle Lowrance, is in an exclusive position to assess the reasonableness and necessity of SDF's fees and thus pass judgment of the Petition for Setting of Final Fees because she sat on the bench for the discovery process and trial. The purpose and intent of Section 508(c) is to require the trial judge to assess the work done by counsel and thus pass judgment on the appropriateness of the fees charged. By removing this matter to federal court that purpose and intent is circumvented.

The Defendants erroneously claim "the divorce court would be at a distinct disadvantage because it rarely if ever addresses the kind of issues involved in this case." *See* Litwin's Response, Paragraph 12. Such could not be further from the truth. It is the exclusive providence of the divorce court to resolve divorce fee issues. There are two sections of the IMDMA devoted to such actions (750 ILCS 5/501(c-1) and 508). By contrast, it is the federal court that has no

experience with either the underlying divorce, or litigating divorce fee petitions, and is thus at a disadvantage in addressing the issues of this case.

### C. SDF's Petition for Setting of Final Attorneys Fees and Costs Involves the Issuance of a Divorce Decree.

The Defendants are incorrect when they argue that the instant case does not involve the issuance of a divorce, alimony or child custody decree. In fact 100% of SDF's fees sought herein were incurred in securing a divorce decree, child custody, visitation, removal of the child from the state of Illinois and child support. The corpus of this entire action is the issuance of the divorce decree in *In re the Marriage of Hoberman*, and application of the Exception to a pleading for attorneys' fees and costs arising solely and exclusively from a dissolution of marriage matter is proper under *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982) citing *Phillips, Nizer, Benjamin, Krim & Ballon Rosentiel*, 490 F.2d 509, 515 (2nd Cir. 1973).

The Defendants attempt to differentiate *Lloyd* and *Rosentiel* by admitting that a fee matter filed between parties to a divorce "would be a reason to defer to the family court" because the amount of the fee award would be contingent on the results of the case (i.e. asset distribution or support). *See* Hoberman Response, Page 7-8. But Defendants deny that such a "deferral to the family court" is proper for a fee petition between a client and her former counsel.

Defendant's logic actually justifies remand in the case at hand. The merits of SDF's Fee Petition are determined by the trial court based on the results achieved in the divorce (i.e. asset distribution, support, custody, removal, visitation) and the reasonableness and necessity of the fees charged to achieve those results. Both a fee petition between two parties and a fee petition between SDF and the Defendants are filed and litigated under 750 ILCS 5/508. The matters are essentially similar and both should be heard by the trial court.

### D. Defendant Litwin is a Party to the Divorce Proceeding.

The Defendants argue that the matter at hand is not properly an ancillary matter to the divorce because Defendant Litwin is a "non-party to the divorce proceeding." *See* Litwin's Response, Paragraph 4. Defendants cite *Ankerbrandt* where the court questioned the applicability of the Exception to a third party sued in a separate tort action.

But in the matter at hand Defendant Litwin **is** a party to the Dissolution of Marriage proceeding. He signed Defendant Hoberman's engagement agreement with SDF and was later joined as a Necessary Third Party to the divorce proceeding. *See* Exhibit 2 to SDF's Memorandum of Law in Support of Motion to Remand. SDF has not filed a separate action against Defendant Litwin. He is a third party defendant in *In re the Marriage of Hoberman* – the underlying divorce action. Thus Defendant Litwin is differentiated from the separate third party tort action in *Ankerbrandt*. And as a party to the divorce, he too is subject to the Domestic Relations Exception to federal diversity jurisdiction.

### III. Conclusion.

The Defendants' allegation of diversity jurisdiction is preempted by both the plain language of 750 ILCS 5/508, which vests jurisdiction to hear fee matters between a counsel and their former client with the state trial court, and the Domestic Relations Exception, which divests this Court of any subject matter jurisdiction in such an action. As such SDF respectfully requests this matter be remanded to the Circuit Court of Cook County, Domestic Relations Division.

Respectfully Submitted,

SCHILLER, DU CANTO AND FLECK

BY: _____
JAY P. DAHLIN

Burton S. Hochberg
Jay P. Dahlin
SCHILLER DU CANTO AND FLECK LLP
200 North LaSalle Street, 30th Floor
Chicago, Illinois 60601-1089
Telephone No. (312) 641-5560
Facsimile Telephone No. (312) 641-6361
bhochberg@sdflaw.com
jdahlin@sdflaw.com