## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 518 | **DATE** | 4/16/2008 |
| **CASE TITLE** | Schiller, DuCanto and Fleck LLP vs. Sharon Litwin, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Schiller, Du Canto and Fleck, LLP's Motion to Remand [10] is granted for lack of subject matter jurisdiction over the issues raised in SDF's Petition for Setting of Final Fees and Costs. Accordingly, this case is remanded to the Circuit Court of Cook County, County Department, Domestic Relations Division for all further proceedings.

■[ For further details see text below.]                                                                                                Notices mailed.

## STATEMENT

    The underlying issue in this case involves efforts by plaintiff Schiller, Du Canto and Fleck, LLP ("SDF") to collect attorneys' fees and costs allegedly due and owing after the conclusion of SDF's representation of defendant Sharon Litwin[1] ("Sharon") in her divorce proceedings. The original case, *In re the Marriage of: Ethan S. Hoberman v. Sharon S. Hoberman*, Case No. 05 D 12924, was filed in the Circuit Court of Cook County, County Department, Domestic Relations Division. At the conclusion of the divorce proceedings, on December 4, 2007, SDF filed a "Petition for Setting of Final Fees and Costs" with the state court, seeking $91,184.77 in attorneys' fees and court costs and $14,945.58 in expert fees. The petition sought these fees and costs from both Sharon and her father, Gerald Litwin ("Gerald"), who acted as guarantor in the agreement between Sharon and SDF.

    On December 19, 2007, the state court entered an order joining Gerald as a necessary party to the case. After being served with summons, Gerald filed a notice of removal with this court on January 23, 2008. In his notice of removal, Gerald asserts that this court has original jurisdiction over the underlying fee petition pursuant to 28 U.S.C. § 1332, and that removal is proper pursuant to 28 U.S.C. § 1441(b). Conceding in open court on February 28, 2008 that the parties are diverse, *see Guaranty Nat. Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 58 (7th Cir. 1996) ("a limited partnership has the citizenships of each partner, general and limited"), SDF argues that the domestic relations exception divests this court of any jurisdiction over SDF's Petition for Setting of Final Fees and Costs. Currently pending before the court is SDF's Motion to Remand. (Dkt. No. 10.)

---

1. At the commencement of the divorce proceedings, Sharon Litwin was known as Sharon Hoberman.

**STATEMENT**

Because SDF has not filed a "civil action" against either Gerald or Sharon, this court need not determine whether the domestic relations exception would apply to a separate cause of action seeking attorneys' fees pursuant to a breach of contract theory. For the reasons stated below, the court finds that it lacks subject matter jurisdiction over the issues raised in SDF's petition for fees. SDF's motion to remand is therefore granted and this case is remanded to the Circuit Court of Cook County, County Department, Domestic Relations Division for all further proceedings.

Section 508 of the Illinois Marriage and Dissolution Act authorizes Illinois courts to order the payment of reasonable costs and attorney's fees in conjunction with divorce proceedings. 750 ILCS 5/508. Attorneys seeking to collect fees and costs from a former client during the pendency of the divorce proceeding must generally follow the procedures outlined in § 508(c). On the other hand, attorneys wishing to pursue an award and judgment against a former client in an independent proceeding may do so pursuant to the procedures outlined in § 508(e). *See* 750 ILCS 5/508(a) ("Except as otherwise provided in subdivision (e)(1) of this Section, subsection (c) of this Section is exclusive as to the right of any counsel (or former counsel) of record to petition a court for an award and judgment for final fees and costs during the pendency of a proceeding under this Act.").

Among the provisions of section 508(c), the statute states that the requested relief "constitutes a distinct cause of action," such that "[a] pending but undetermined Petition for Setting Final Fees and Costs shall not affect appealability of any judgment or other adjudication in the original proceeding." 750 ILCS 5/508(c)(2). Relying on this language in his notice of removal, Gerald argues that SDF's petition "essentially initiated an entirely new cause of action which is separate and independent from 05 D 12924." (Dkt. No. 1 at 2.) This court disagrees.

While § 508(e) permits counsel to initiate *independent* proceedings against a former client for the collection of legal fees and costs, SDF did not elect to pursue this form of relief. SDF's petition itself clearly states that it was filed "pursuant to 750 ILCS 5/508(c) of the Illinois Marriage and Dissolution of Marriage Act." (Dkt. No. 1, Ex. 1.) Neither Gerald nor Sharon has directed the court to any evidence indicating that SDF in fact intended to initiate an independent cause of action, to be litigated separate and apart from the underlying divorce case. Rather, by all indications, SDF's claim is a "distinct cause of action" properly filed *as part of* case number 05 D 12924.[2]

Section 1332 authorizes this court to entertain "civil actions" between diverse parties if the amount in controversy requirement is met. In this case, SDF has not brought any civil action against Gerald or Sharon. Rather, SDF's petition is a procedural vehicle for obtaining specific relief during a pending proceeding in state court. This court therefore finds that it lacks subject matter jurisdiction over the issues raised in SDF's petition, and SDF's motion to remand must be granted on these grounds.

---

[2.] Gerald's late inclusion in the case is in no way inconsistent with this court's finding, as § 508(c) empowers state courts to issue summons for the express purpose of bringing in a party over whom the court had not previously obtained jurisdiction.